UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARCOS XIQUE and JUAN XIQUE,** *individually and on behalf of other similarly situated*,<br><br>Plaintiffs,<br><br>— against —<br><br>**DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFÉ and MICHAEL "BUZZY" O'KEEFE,**<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>COLLECTIVE ACTION UNDER 29 U.S.C. §216(b)<br><br>ECF Case |

PLEASE TAKE NOTICE that Plaintiffs, MARCOS XIQUE and JUAN XIQUE, individually and on behalf of others similarly situated (hereinafter collectively, "Plaintiffs"), by their attorneys, CRISCIONE RAVALA, LLP, as and for a Complaint against Defendants, DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFÉ and MICHAEL "BUZZY" O'KEEFE (hereinafter collectively, "Defendants"), allege upon information and belief, as follows:

**I. NATURE OF THE ACTION**

1.  This is an action by Plaintiffs to recover unpaid wages as a result of the violation of the Fair Labor Standards Act (hereinafter "FLSA") and New York Labor Law (hereinafter "NYLL").

**II. JURISDICTION AND VENUE**

2.  Jurisdiction in this Court is based on 29 U.S.C. §206, the Fair Labor Standards Act ("FLSA").

3.  Venue in this District is based upon 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) as Defendant Dircksen & Talleyrand Inc. resides in this District and, upon

information and belief, Defendant Michael "Buzzy" O'Keefe is a resident of the state of New York.

4. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) because the state law claims form part of the same case or controversy.

### III. PARTIES

5. Defendant Dircksen & Talleyrand Inc. is a New York Corporation that operates River Café restaurant at 1 Water Street, Brooklyn, NY 11201.

6. Upon information and belief, River Café has an annual gross volume of sales in excess of $500,000.00.

7. Defendant Michael "Buzzy" O'Keefe ("O'Keefe") is an owner and operator of River Café. Upon information and belief, O'Keefe exercises sufficient control of the restaurant's day to day operations to be considered an employer of Plaintiffs under the FLSA and New York Labor Law.

8. O'Keefe has the power to hire and fire River Café employees.

9. River Café's general manager reports to O'Keefe.

10. O'Keefe is actively involved in managing the restaurant's operations. For example, O'Keefe monitors the restaurant's financials and is present at the restaurant every day.

11. All Defendants are hereinafter collectively referred to as "Defendants."

12. Plaintiff Marcos Xique was employed by Defendants since approximately 2004.

13. Plaintiff Juan Xique was employed by Defendants since approximately 2010.

### IV. FACTS

14. On July 23, 2013, Case No.: 1:13-cv-05124-RA-SN was filed in the United States District Court, Southern District of New York as a class action against Defendants.

15. The class action suit was brought against Defendants due to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay its employees at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in other employees' tips.

16. At the outset, Plaintiffs were included in the class.

17. However, on April 10, 2014, United States District Judge Analisa Torres ruled that current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the expeditor/back-waiter position) pose a conflict of interest between the other members of the putative collective, and, therefore, may not join the collective action. (Document No. 48 on the Docket Sheet).

18. At the time, Plaintiffs were current front-of-house servers who rotated into the expeditor/back-waiter position. Thus, Plaintiffs were removed from the class action.

19. Plaintiffs were never told that they were removed from the class action.

20. Based on Plaintiffs' attorneys' communications with Defendants' attorneys, Plaintiffs were told that they were still covered under the class action suit.

21. Plaintiffs did not file a lawsuit against Defendants on their own, since they believed and were told they were plaintiffs in the current class action.

22. Upon information and belief, the class action settled in 2017.

23. On October 30, 2017, Plaintiff Marcos Xique received a letter from Arden Claims Services, LLC, notifying him of the class action settlement. (*See* Exhibit A).

24. The Individual Class Member Form that Plaintiff Marcos Xique received along with the letter from Arden Claims Services, LLC, stated that based on Plaintiff Marcos Xique's

tips earned and hours worked between July 23, 2007 and September 28, 2015, according to River Café's records, Plaintiff Marco Xique's estimated Individual Settlement Amount was approximately $36,239.52. (*See* Exhibit A).

25. When Plaintiff Marcos Xique tried collecting his portion of the settlement, he was told that he was removed from the class a few years back.

26. To date, Plaintiff Marcos Xique has not received any settlement amount.

27. On or around October 30, 2017, Plaintiff Juan Xique received an Individual Class Member Form from Arden Claims Services, LLC, which stated that based on Plaintiff Juan Xique's tips earned and hours worked between July 23, 2007 and September 28, 2015, according to River Café's records, Plaintiff Juan Xique's estimated Individual Settlement Amount was approximately $11,553.01. (*See* Exhibit B).

28. When Plaintiff Juan Xique tried collecting his portion of the settlement, he was told that he was removed from the class a few years back.

29. To date, Plaintiff Juan Xique has not received any settlement amount.

30. Plaintiffs were expecting to receive a settlement amount but were instead told they were removed from the class action a few years back.

31. After Defendants realized their mistake of not informing Plaintiffs that they were removed from the class, Defendants kept reassuring the Plaintiffs that they would receive their Individual Settlement Amount that was promised to them. Thus, the Plaintiffs did not file a lawsuit on their own. These settlement negotiations were dragged on for almost a year.

32. Plaintiffs seek to recover from Defendants what they were owed due to Defendants willfully failing and refusing to pay its employees, specifically current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the

expeditor/back-waiter position), at the legally required minimum wage for all hours worked and one- and one-half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in other employees' tips.

33. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

34. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and improperly forcing the Plaintiffs to share their tips with Defendants' agents would economically injure Plaintiffs and violated federal and state laws.

35. Defendants unlawfully paid the Plaintiffs an hourly rate below the federal and state minimum wage for regular and overtime hours worked.

36. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C. 203(m) and 12 N.Y.C.R.R. §137-1.5 because Defendants misappropriated portions of Plaintiffs' tips. This misappropriation of tips also violated New York Labor Law.

37. Specifically, Plaintiffs were required to pool their tips with managers such as Javier Rodriguez and Patrick Goubit, Both Rodriguez and Goubit exercised significant managerial control over the wait staff at River Café.

38. Rodriguez and Goubit's share of the nightly tips were larger than that of most of the service staff.

39. Rodriguez and Goubit had the power to fire, discipline, and schedule employees.

40. Plaintiffs were also required to share tips with other employees that provided no direct customer service during a given shift.

41. For example, Plaintiffs were required to share tips each night with a "stocker" who worked exclusively in the kitchen stocking and polishing silverware and did not provide direct service to guests during a shift.

42. Plaintiffs were similarly required to share tips with an expeditor, who stayed in the kitchen and provided no direct customer service during a shift.

43. Upon information and belief, Defendants never informed Plaintiffs of (1) the dollar amount of the minimum wage; (2) that Defendants would pay Plaintiffs at a rate below the minimum wage because they intended to claim a tip credit; (3) of the dollar amount of tip credit Defendants intended to claim; and (4) that Plaintiffs' wages plus tips must equal at least the minimum wage or the Defendants would make up the difference.

44. Defendants did not provide Plaintiffs wage statements that set forth allowances and/or deductions Defendants were applying and/or taking from Plaintiffs' wages.

45. For the time period after December 31, 2010, Defendants did not timely and consistently provide Plaintiffs with written notices as required by §195(1) of the NYLL and §146-2.2 of the New York Codes, Rules, and Regulations.

46. Plaintiffs often worked in excess of 40 hours per workweek. Defendants did not pay Plaintiffs an hourly wage for all hours worked, including overtime.

47. Specifically, lunch shifts typically lasted longer than 5 hours, and dinner shifts typically lasted longer than 8 hours.

48. However, Defendants paid Plaintiffs for a fixed number of hours each lunch and dinner shift. This fixed number was less than the hours actually worked.

49. Plaintiffs will be able to provide a more precise figure of hours worked and amount paid once Defendants produce their payroll records and schedules in connection with this litigation.

## V. FLSA COLLECTIVE ACTION CLAIMS

50. Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all similarly situated persons (the "FLSA Class Members"), i.e., persons who were employed by Defendants as current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the expeditor/back-waiter position), during the FLSA Class Period in Case No.: 1:13-cv-05124-RA-SN.

51. At all relevant times, Plaintiffs and other members of the FLSA Class Period were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

52. The claims of Plaintiffs stated herein are similar to those of those of the other employees, i.e., persons who were employed by Defendants as current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the expeditor/back-waiter position), during the FLSA Class Period in Case No.: 1:13-cv-05124-RA-SN.

### FIRST CAUSE OF ACTION
### FLSA Claims, 29 U.S.C. §§201, *et seq*.

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed, "employees," including Plaintiffs.

55. Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

56. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§201 *et seq*.

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

59. At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one and one half times the minimum wage for all work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA even though the Plaintiffs have been and were entitled to overtime.

60. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

61. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations,

attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**New York State Minimum Wage Act, N.Y. Lab. Law §§650 *et seq*.; N.Y.C.R.R. §§137-2.1 (repealed); 146-1.3; and 146-2.2**

62. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

63. Defendants knowingly paid the Plaintiffs less than the New York State minimum wage.

64. Defendants did not pay Plaintiffs the New York minimum wage for all hours worked.

65. In addition, Defendants knowingly and illegally applied a tip credit to Plaintiffs' wages.

66. Prior to 2011, Defendants were not entitled to this tip credit because (a) Defendants did not provide Plaintiffs with a statement with every payment of wages listing allowances and deductions claimed as part of the minimum wage Defendants paid Plaintiffs; and (b) Defendants did not maintain any records showing allowances and/or deductions, such as the tip credit, they claimed as part of the minimum wage.

67. From January 1, 2011 and onwards, Defendants were not entitled to this tip credit because they did not provide Plaintiffs with the wage notices, such as those required by N.Y. Lab. Law §195 and/or 12 N.Y.C.R.R. §146-1.3 and 146-2.2. For example, Defendants did not provide Plaintiffs with written wage notices, and/or pay stubs that reflected Plaintiffs' regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday.

68. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law §663.

69. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the NYLL, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### New York Minimum Wage Act, N.Y. Stat. §§650 *et seq.*

70. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

71. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

72. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one- and one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

73. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the NYLL, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Illegal Deductions from Gratuities, N.Y. Lab. L. §196-d

74. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

75. Defendants misappropriated portions of Plaintiffs' tips.

76. Defendants' misappropriation of Plaintiffs' tips was willful.

77. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the NYLL, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
### New York Notice Requirements, N.Y. Lab. L. §§195, 198

78. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

79. Defendants did not provide Plaintiffs with the notices required by NYLL §195.

80. For example, Defendants did not provide all of their employees, in writing at the time of hiring, and each subsequent year of the employee's employment with Defendants, a notice containing the employee's rate or rates of pay and basis thereof and the regular hourly rate and overtime rate of pay.

81. Defendants also did not maintain signed and dated written acknowledgements of receipt of any such notices.

82. In addition, Defendants did not provide their employees with wage statements that listed all of the allowances and/or deductions that Defendants were applying to the employees' minimum wage.

83. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to NYLL §198, in an amount to be determined at trial, pre- and post- judgment interest, costs and attorneys' fees, as provided by NYLL §663.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendants, jointly and severally;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. §216, N.Y. Lab. L. §663 and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: New York, NY
February 14, 2019

Respectfully Submitted,

*/s/ Galen J. Criscione, Esq.*
Galen J. Criscione, Esq.
Criscione Ravala, LLP
250 Park Avenue, 7th Floor
New York, NY 10177
P: 212-920-7142
E: GCriscione@lawcrt.com
*Attorneys for Plaintiffs*