UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARCOS XIQUE and JUAN XIQUE,** *individually and on behalf of other similarly situated*, <br><br> Plaintiffs, <br><br> — against — <br><br> **DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFÉ and MICHAEL "BUZZY" O'KEEFE,** <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> COLLECTIVE ACTION UNDER 29 U.S.C. §216(b) <br><br> ECF Case |

PLEASE TAKE NOTICE that Plaintiffs, MARCOS XIQUE and JUAN XIQUE, individually and on behalf of others similarly situated (hereinafter collectively, "Plaintiffs"), by their attorneys, CRISCIONE RAVALA, LLP, as and for a Complaint against Defendants, DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFÉ and MICHAEL "BUZZY" O'KEEFE (hereinafter collectively, "Defendants"), allege upon information and belief, as follows:

## I. NATURE OF THE ACTION

1. This is an action by Plaintiffs to recover unpaid wages as a result of the violation of the Fair Labor Standards Act (hereinafter "FLSA") and New York Labor Law (hereinafter "NYLL").

## II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is based on 29 U.S.C. §206, the Fair Labor Standards Act ("FLSA").

3. Venue in this District is based upon 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) as Defendant Dircksen & Talleyrand Inc. resides in this District and, upon

information and belief, Defendant Michael "Buzzy" O'Keefe is a resident of the state of New York.

4. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) because the state law claims form part of the same case or controversy.

### III. PARTIES

5. Defendant Dircksen & Talleyrand Inc. is a New York Corporation that operates River Café restaurant at 1 Water Street, Brooklyn, NY 11201.

6. Upon information and belief, River Café has an annual gross volume of sales in excess of $500,000.00.

7. Defendant Michael "Buzzy" O'Keefe ("O'Keefe") is an owner and operator of River Café. Upon information and belief, O'Keefe exercises sufficient control of the restaurant's day to day operations to be considered an employer of Plaintiffs under the FLSA and New York Labor Law.

8. O'Keefe has the power to hire and fire River Café employees.

9. River Café's general manager reports to O'Keefe.

10. O'Keefe is actively involved in managing the restaurant's operations. For example, O'Keefe monitors the restaurant's financials and is present at the restaurant every day.

11. All Defendants are hereinafter collectively referred to as "Defendants."

12. Plaintiff Marcos Xique was employed by Defendants since approximately 2004.

13. Plaintiff Juan Xique was employed by Defendants since approximately 2010.

### IV. FACTS

14. On July 23, 2013, Case No.: 1:13-cv-05124-RA-SN was filed in the United States District Court, Southern District of New York as a class action against Defendants.

15. The class action suit was brought against Defendants due to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay its employees at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in other employees' tips.

16. At the outset, Plaintiffs were included in the class.

17. However, on April 10, 2014, United States District Judge Analisa Torres ruled that current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the expeditor/back-waiter position) pose a conflict of interest between the other members of the putative collective, and, therefore, may not join the collective action. (Document No. 48 on the Docket Sheet).

18. At the time, Plaintiffs were current front-of-house servers who rotated into the expeditor/back-waiter position. Thus, Plaintiffs were removed from the class action.

19. Plaintiffs were never told that they were removed from the class action.

20. Based on Plaintiffs' attorneys' communications with Defendants' attorneys, Plaintiffs were told that they were still covered under the class action suit.

21. Plaintiffs did not file a lawsuit against Defendants on their own, since they believed and were told they were plaintiffs in the current class action.

22. Upon information and belief, the class action settled in 2017.

23. On October 30, 2017, Plaintiff Marcos Xique received a letter from Arden Claims Services, LLC, notifying him of the class action settlement. (*See* Exhibit A).

24. The Individual Class Member Form that Plaintiff Marcos Xique received along with the letter from Arden Claims Services, LLC, stated that based on Plaintiff Marcos Xique's

tips earned and hours worked between July 23, 2007 and September 28, 2015, according to River Café's records, Plaintiff Marco Xique's estimated Individual Settlement Amount was approximately $36,239.52. (*See* Exhibit A).

25. When Plaintiff Marcos Xique tried collecting his portion of the settlement, he was told that he was removed from the class a few years back.

26. To date, Plaintiff Marcos Xique has not received any settlement amount.

27. On or around October 30, 2017, Plaintiff Juan Xique received an Individual Class Member Form from Arden Claims Services, LLC, which stated that based on Plaintiff Juan Xique's tips earned and hours worked between July 23, 2007 and September 28, 2015, according to River Café's records, Plaintiff Juan Xique's estimated Individual Settlement Amount was approximately $11,553.01. (*See* Exhibit B).

28. When Plaintiff Juan Xique tried collecting his portion of the settlement, he was told that he was removed from the class a few years back.

29. To date, Plaintiff Juan Xique has not received any settlement amount.

30. Plaintiffs were expecting to receive a settlement amount but were instead told they were removed from the class action a few years back.

31. After Defendants realized their mistake of not informing Plaintiffs that they were removed from the class, Defendants kept reassuring the Plaintiffs that they would receive their Individual Settlement Amount that was promised to them. Thus, the Plaintiffs did not file a lawsuit on their own. These settlement negotiations were dragged on for almost a year.

32. Plaintiffs seek to recover from Defendants what they were owed due to Defendants willfully failing and refusing to pay its employees, specifically current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the

expeditor/back-waiter position), at the legally required minimum wage for all hours worked and one- and one-half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in other employees' tips.

33. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

34. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and improperly forcing the Plaintiffs to share their tips with Defendants' agents would economically injure Plaintiffs and violated federal and state laws.

35. Defendants unlawfully paid the Plaintiffs an hourly rate below the federal and state minimum wage for regular and overtime hours worked.

36. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C. 203(m) and 12 N.Y.C.R.R. §137-1.5 because Defendants misappropriated portions of Plaintiffs' tips. This misappropriation of tips also violated New York Labor Law.

37. Specifically, Plaintiffs were required to pool their tips with managers such as Javier Rodriguez and Patrick Goubit, Both Rodriguez and Goubit exercised significant managerial control over the wait staff at River Café.

38. Rodriguez and Goubit's share of the nightly tips were larger than that of most of the service staff.

39. Rodriguez and Goubit had the power to fire, discipline, and schedule employees.

40. Plaintiffs were also required to share tips with other employees that provided no direct customer service during a given shift.

41. For example, Plaintiffs were required to share tips each night with a "stocker" who worked exclusively in the kitchen stocking and polishing silverware and did not provide direct service to guests during a shift.

42. Plaintiffs were similarly required to share tips with an expeditor, who stayed in the kitchen and provided no direct customer service during a shift.

43. Upon information and belief, Defendants never informed Plaintiffs of (1) the dollar amount of the minimum wage; (2) that Defendants would pay Plaintiffs at a rate below the minimum wage because they intended to claim a tip credit; (3) of the dollar amount of tip credit Defendants intended to claim; and (4) that Plaintiffs' wages plus tips must equal at least the minimum wage or the Defendants would make up the difference.

44. Defendants did not provide Plaintiffs wage statements that set forth allowances and/or deductions Defendants were applying and/or taking from Plaintiffs' wages.

45. For the time period after December 31, 2010, Defendants did not timely and consistently provide Plaintiffs with written notices as required by §195(1) of the NYLL and §146-2.2 of the New York Codes, Rules, and Regulations.

46. Plaintiffs often worked in excess of 40 hours per workweek. Defendants did not pay Plaintiffs an hourly wage for all hours worked, including overtime.

47. Specifically, lunch shifts typically lasted longer than 5 hours, and dinner shifts typically lasted longer than 8 hours.

48. However, Defendants paid Plaintiffs for a fixed number of hours each lunch and dinner shift. This fixed number was less than the hours actually worked.

49. Plaintiffs will be able to provide a more precise figure of hours worked and amount paid once Defendants produce their payroll records and schedules in connection with this litigation.

### V. FLSA COLLECTIVE ACTION CLAIMS

50. Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all similarly situated persons (the "FLSA Class Members"), i.e., persons who were employed by Defendants as current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the expeditor/back-waiter position), during the FLSA Class Period in Case No.: 1:13-cv-05124-RA-SN.

51. At all relevant times, Plaintiffs and other members of the FLSA Class Period were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

52. The claims of Plaintiffs stated herein are similar to those of those of the other employees, i.e., persons who were employed by Defendants as current bussers (who rotate into the polisher position) and current front-of-house servers (who rotate into the expeditor/back-waiter position), during the FLSA Class Period in Case No.: 1:13-cv-05124-RA-SN.

### FIRST CAUSE OF ACTION
### FLSA Claims, 29 U.S.C. §§201, *et seq*.

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed, "employees," including Plaintiffs.

55. Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

56. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
**FLSA Overtime Violations, 29 U.S.C. §§201 *et seq*.**

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

59. At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one and one half times the minimum wage for all work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA even though the Plaintiffs have been and were entitled to overtime.

60. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

61. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations,

attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**New York State Minimum Wage Act, N.Y. Lab. Law §§650 *et seq*.; N.Y.C.R.R. §§137-2.1 (repealed); 146-1.3; and 146-2.2**

62. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

63. Defendants knowingly paid the Plaintiffs less than the New York State minimum wage.

64. Defendants did not pay Plaintiffs the New York minimum wage for all hours worked.

65. In addition, Defendants knowingly and illegally applied a tip credit to Plaintiffs' wages.

66. Prior to 2011, Defendants were not entitled to this tip credit because (a) Defendants did not provide Plaintiffs with a statement with every payment of wages listing allowances and deductions claimed as part of the minimum wage Defendants paid Plaintiffs; and (b) Defendants did not maintain any records showing allowances and/or deductions, such as the tip credit, they claimed as part of the minimum wage.

67. From January 1, 2011 and onwards, Defendants were not entitled to this tip credit because they did not provide Plaintiffs with the wage notices, such as those required by N.Y. Lab. Law §195 and/or 12 N.Y.C.R.R. §146-1.3 and 146-2.2. For example, Defendants did not provide Plaintiffs with written wage notices, and/or pay stubs that reflected Plaintiffs' regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday.

68. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law §663.

69. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the NYLL, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
**New York Minimum Wage Act, N.Y. Stat. §§650 *et seq*.**

70. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

71. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

72. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one- and one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

73. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the NYLL, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
**Illegal Deductions from Gratuities, N.Y. Lab. L. §196-d**

74. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

75. Defendants misappropriated portions of Plaintiffs' tips.

76. Defendants' misappropriation of Plaintiffs' tips was willful.

77. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the NYLL, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
### New York Notice Requirements, N.Y. Lab. L. §§195, 198

78. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

79. Defendants did not provide Plaintiffs with the notices required by NYLL §195.

80. For example, Defendants did not provide all of their employees, in writing at the time of hiring, and each subsequent year of the employee's employment with Defendants, a notice containing the employee's rate or rates of pay and basis thereof and the regular hourly rate and overtime rate of pay.

81. Defendants also did not maintain signed and dated written acknowledgements of receipt of any such notices.

82. In addition, Defendants did not provide their employees with wage statements that listed all of the allowances and/or deductions that Defendants were applying to the employees' minimum wage.

83. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to NYLL §198, in an amount to be determined at trial, pre- and post- judgment interest, costs and attorneys' fees, as provided by NYLL §663.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendants, jointly and severally;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. §216, N.Y. Lab. L. §663 and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: New York, NY
February 14, 2019

Respectfully Submitted,

*/s/ Galen J. Criscione, Esq.*
Galen J. Criscione, Esq.
Criscione Ravala, LLP
250 Park Avenue, 7th Floor
New York, NY 10177
P: 212-920-7142
E: GCriscione@lawcrt.com
*Attorneys for Plaintiffs*



# ARDEN CLAIMS SERVICE
ACS  PROFESSIONAL • ACCOUNTABLE • RELIABLE

322 Main Street, Port Washington, New York 11050 Tel: 516.944.2700

October 30, 2017

MARCOS XIQUE
225 76TH ST APT 2NDFLOOR
NORTH BERGEN NJ 07047-5717

Re: **NOTICE OF CLASS ACTION SETTLEMENT AGAINST RIVER CAFÉ**
(*Fonseca, et al v. Dircksen & Talleyrand Inc. d/b/a River Café*, No. 13 CV5124)

Dear Marcos Xique,

According to River Café's records, you worked as a captain, front-waiter, back-waiter, bussers and/or bartender at the River Café in Brooklyn, NY during the time period covered by a class action settlement for unpaid wages and tips and are eligible to receive a portion of the settlement. Enclosed herein is a Court approved Notice and Claim Form. **In order to receive payment under the settlement, you must sign the enclosed form entitled "INDIVIDUAL CLASS MEMBER CLAIM FORM." You will not receive money from the settlement unless you submit a claim form by December 29, 2017.**

For full information about the settlement and how to claim your share of the settlement, please contact the employees' attorney Josef Nussbaum at (212) 688-5640 or jnussbaum@jk-llp.com, or visit http://www.ardenclaims.com/cases/Fonseca, et al. v. Dircksen & Talleyrand, Inc., et al. To view your claim form online, you may visit the website identified above and enter Claim Form Number **212** and your PIN number, which is the last 4 digits of your social security number.

Sincerely,

Arden Claims Service, LLC

## INDIVIDUAL CLASS MEMBER CLAIM FORM

*Fonseca, et al., v. Dircksen & Talleyrand, Inc. et al.*, Case No. 13 CV 5125 (SN)

TO SHARE IN THE SETTLEMENT, YOU **MUST** COMPLETE,
SIGN AND RETURN THIS CLAIM FORM. YOU WILL NOT RECEIVE ANY PAYMENT FROM THE
SETTLEMENT UNLESS YOU SUBMIT THIS CLAIM FORM.
THE CLAIM FORM MUST BE POSTMARKED NO LATER THAN DECEMBER 29, 2017

| | CORRECTIONS OR ADDITIONAL INFORMATION |
|---|---|
| MARCOS XIQUE<br>225 76TH ST APT 2NDFLOOR<br>NORTH BERGEN NJ 07047-5717 | Write any name and address corrections below if any is necessary **OR** if there is no preprinted data to the left, please provide your name and address here: |

| Daytime Telephone Number: | Evening Telephone Number: |
|---|---|
| | |

**MAIL TO:**
*Fonseca, et al. v. Dircksen & Talleyrand, Inc., et al., No. 13 Civ. 5124*
c/o Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050
Ph: 877-623-2703 | E-mail: info@ardenclaims.com

You can also submit this claim form electronically by visiting www.ardenclaims.com/cases/Fonseca, et al. v. Dircksen & Talleyrand, Inc. Your Claim Number is 212. Your PIN is the last 4 digits of your social security number.

The records of Dircksen & Talleyrand, LLC d/b/a River Café ("River Café") indicate that you were employed by River Café as a captain, front-waiter, back-waiter, busser and/or bartender at River Café in Brooklyn, NY between July 23, 2007 and September 28, 2015. Based on your tips earned and hours worked according to River Café's records, your estimated Individual Settlement Amount is approximately $36,239.52. Please note that this is just an estimate and is subject to change.

By signing and returning this form, you are claiming your Individual Settlement Amount and opting-in to the above-captioned lawsuit brought to recover wages under the Fair Labor Standards Act.

By signing and returning this form, you acknowledge that you are releasing claims against Defendant, set forth in greater detail in the Notice of Settlement.

Date: _____     _____
                                   (Sign your name here)

## NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
## AND FAIRNESS HEARING

**TO:** ALL PERSONS EMPLOYED AS A CAPTAIN, FRONT-WAITER, BACK-WAITER, BUSSER AND/OR BARTENDER AT RIVER CAFÉ DURING THE TIME PERIODS LISTED IN SECTION 3 BELOW.

THE INFORMATION CONTAINED IN THIS NOTICE CAN ALSO BE FOUND AT www.ardenclaims.com/Fonseca, et al. v. Diecksen & Talleyrand, Inc., et al., No. 13 Civ. 5124.

Based on information in the records of the River Café ("River Café" or "Defendants") you were employed as a captain, front-waiter, back-waiter, busser and/or bartender at River Cafe in Brooklyn, NY and are entitled to participate in the proposed settlement of the case captioned Fonseca et al. v. Diecksen & Talleyrand, Inc. d/b/a the River Café, et al., Case No. 13 CV 5124 (U.S. District Court for the Southern District of New York) (the "Lawsuit"). Accordingly, under the terms of the settlement, you may claim money under the Settlement.

A CLAIM FORM IS ENCLOSED WITH THIS NOTICE. YOU WILL RECEIVE MONEY FROM THIS SETTLEMENT ONLY IF YOU RETURN THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR ON OR BEFORE DECEMBER 22, 2017.

## QUESTIONS AND ANSWERS

### 1. WHAT IS THE PURPOSE OF THIS NOTICE?

PLEASE READ THIS NOTICE CAREFULLY. [illegible] ... [illegible] about your rights concerning the settlement of the Lawsuit. If the Court approves the settlement, each Class Member will be bound by its terms unless he/she affirmatively opts out of the Settlement. The Court has ordered that this Notice be sent to you to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

### 2. WHAT IS THIS CASE ABOUT?

The Lawsuit asserted claims under the Fair Labor Standards Act ("FLSA") and New York Law alleging that River Café failed to properly compensate certain front of the house food service employees for all hours worked, including overtime, or hours worked in excess of forty per workweek. The Lawsuit also alleges that River Café misappropriated portions of employees' tips, by forcing them to share tips with maitre d's and individuals who did not perform customer service.

River Café denies these allegations and maintains that they paid all employees properly for all hours worked. The Parties have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any ruling on the merits of the Plaintiffs' claims, and no party has prevailed in this action.

### 3. WHO IS INCLUDED IN THE CLASS?

The Parties have agreed to settle the Lawsuit for a class consisting of all persons employed by Defendants as captains, front-waiters, and bartenders between July 23, 2007 and September 28, 2015, as well as employees who formerly worked as back-waiters and bussers between July 23, 2007 and September 28, 2015 and whom ceased working for the River Café prior to September 28, 2015 ("Class Members"). You have received this notice because River Café has identified you as a Class Member based on their records.

### 4. HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

If the Settlement is given final approval by the Court, Defendants will pay up to a maximum of $2,000,000.00 in total settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $2,000,000.00 prior to distribution of the settlement funds to Claimants.

1. Attorneys' Fees and Costs: Class Counsel will apply to the Court for recovery of costs and attorneys' fees of one-third of the Maximum Settlement Amount, after deducting their costs. This amount will be requested pursuant to the Named Plaintiffs' professional services agreement.
2. Service Awards: If the Court approves such payments, $10,000.00 will be paid to each of the Named Plaintiffs.
3. Claims Administrator Costs: Class Counsel will apply to the Court for recovery of all costs of administration of this settlement.
4. If the Court approves these payments, the remaining Settlement Fund (the "Net Settlement Fund") will be allocated to Class Members based on the tips they earned and the number of hours they worked.
5. No Class Member will be allocated a settlement share that is less than $50.00.
6. The attached Claim Form contains an estimated amount of your Individual Settlement Amount, which has been calculated based on River Café's records. River Café's personnel records are presumed to be correct. One half of this amount will payable to you, less applicable withholdings, reported on an IRS form W-2 at the end of the applicable year(s). The other half will be paid to you in full, reported on an IRS form 1099 at the end of the applicable year(s).
7. For more information about how individual settlement awards are calculated, you may contact Class Counsel, Josef Nussbaum at Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 at 212-688-5640 or jnussbaum@jk-llp.com.

### 5. HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

In order to collect your share of the settlement, you must fill out a Claim Form. If you do not fill out a Claim Form, you will not receive any money from this settlement. Attached to this Notice is a Claim Form which you must fill out and mail, postmarked on or before December 22, 2017, to:

Fonseca, et al. v. Diecksen & Talleyrand, Inc., et al., No. 13 Civ. 5124
c/o Arden Claims Service, LLC
P.O. Box 1013

Ph: 877-623-2703 | E-mail: info@ardenclaims.com

You can also submit a Claim Form by visiting the website http://www.ardenclaims.com/Fonseca, et al. v. Dircksen & Talleyrand, Inc., et al., No. 13 Civ. 5124 and using the claim number and PIN provided in the attached Claim Form.

River Café cannot and will not retaliate against you for participating in this Settlement and/or filing a Claim Form.

It is your responsibility to retain proof of timely mailing or submission of a Claim Form until receipt of your settlement payment.

If you move, please send the Claims Administrator your new address. It is your responsibility alone to provide a forwarding address to the United States Post Office and your current address to the Claims Administrator.

If you are found eligible to participate in the Settlement, you should not expect to receive any payment until the Settlement is final, which will likely be several months away.

## 6. WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

Upon the Order Granting Final Approval, and except as to such rights or claims as may be created by this Agreement, each Participating Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint venture, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any claims under the New York Labor Law and/or any applicable new York State Wage Order including but not limited to, claims related to the time they worked at River Café, claims for unpaid wages and/or tips, overtime pay, failure to maintain and furnish employees with proper wage records, paystubs, and/or notices, and all other claims that were or could have been asserted in the Litigation under state wage and hour laws, whether known or unknown, through the date of execution of the Settlement Agreement, including but not limited to [illegible] for overtime, unpaid wages/tips, [illegible], liquidated damages, and [illegible].

In addition, if you sign and return a Claim Form that is accepted pursuant to this Settlement, you, on your own behalf, and on behalf of your respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, will forever and fully release Defendants and Releasees from any FLSA claims relating to the time you worked at River Café, claims for unpaid wages and/or overtime wages, unpaid tips, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date you sign the Claim Form.

## 7. HOW DO I OPT OUT OF THE SETTLEMENT CLASS?

You have the option of opting out of the Settlement Agreement if you do not want to participate in the Settlement or be bound by the release of claims described above. This means, if you opt out, you will not receive any money but you will retain your right to pursue any timely claims that you may have." To opt out of the Settlement Agreement you must do so by December 22, 2017. If you do not opt out, you will be bound by the terms of the Settlement Agreement. To opt out, you must mail a signed letter which specifically states, "I elect to exclude myself from the settlement in Fonseca, et al. v. Dircksen & Talleyrand, Inc. et al., Case No. 13 CV 5124" postmarked no later than December 22, 2017. You must include your name and address in the letter. If you choose to opt out, send your letter to:

Fonseca, et al. v. Dircksen & Talleyrand, Inc., et al., No. 13 Civ. 5124
c/o Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050
Ph: 877-623-2703 | E-mail: info@ardenclaims.com

## 8. WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you have not opted out of the Settlement, and if you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing. You are not required to submit an objection. Written objections must be postmarked no later than December 22, 2017 and sent to:

Fonseca, et al. v. Dircksen & Talleyrand, Inc., et al., No. 13 Civ. 5124
c/o Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050
Ph: 877-623-2703 | E-mail: info@ardenclaims.com

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of Fonseca, et al. v. Dircksen & Talleyrand, Inc., et al., Case No. 13 CV 5125. If you opt out of the settlement, you may not also object to the settlement.

## 9. WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable Sarah Netburn will be held on January 5, 2018 at 10:00 a.m. at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, Courtroom 219, 40 Foley Square, New York, NY 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed in accordance with the procedures described above.

## 10. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.

Additionally, if you have questions about this Notice or want additional information, you can contact Josef Nussbaum at Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 at 212-688-5640 or nussbaum@jk-llp.com or the Claims Administrator at the address, phone number listed above.

## INDIVIDUAL CLASS MEMBER CLAIM FORM

*Fonseca, et al., v. Dircksen & Talleyrand, Inc. et al.*, Case No. 13 CV 5125 (SN)

TO SHARE IN THE SETTLEMENT, YOU **MUST** COMPLETE, SIGN AND RETURN THIS CLAIM FORM. YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT UNLESS YOU SUBMIT THIS CLAIM FORM. THE CLAIM FORM MUST BE POSTMARKED NO LATER THAN DECEMBER 29, 2017.

**CORRECTIONS OR ADDITIONAL INFORMATION**
Write any name and address corrections below if any is necessary **OR** if there is no preprinted data to the left, please provide your name and address here:

JUAN XIQUE
225 76TH ST APT 2NDFLOOR
NORTH BERGEN NJ 07047-5717

Daytime Telephone Number: 347-221-8124
Evening Telephone Number: 201-899-9369

MAIL TO:
*Fonseca, et al. v. Dircksen & Talleyrand, Inc., et al.*, No. 13 Civ. 5124
c/o Arden Claims Service, LLC
P.O. Box 1015
Port Washington, NY 11050
Ph: 877-623-2703 | E-mail: info@ardenclaims.com

You can also submit this claim form electronically by visiting www.ardenclaims.com/cases/Fonseca, et al. v. Dircksen & Talleyrand, Inc. Your Claim Number is 211. Your PIN is the last 4 digits of your social security number. The records of Dircksen & Talleyrand, LLC d/b/a River Café ("River Café") indicate that you were employed by River Café as a captain, front-waiter, back-waiter, busser and/or bartender at River Café in Brooklyn, NY between July 23, 2007 and September 28, 2015. Based on your tips earned and hours worked according to River Café's records, your estimated Individual Settlement Amount is approximately $11,553.01. Please note that this is just an estimate and is subject to change.

By signing and returning this form, you are claiming your Individual Settlement Amount and opting-in to the above-captioned lawsuit brought to recover wages under the Fair Labor Standards Act.

By signing and returning this form, you acknowledge that you are releasing claims against Defendant, set forth in greater detail in the Notice of Settlement.

Date: 11/13/2017

Juan Xique
(Sign your name here)