

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298


Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

March 23, 2019


**VIA ECF**
**(as a letter motion)**

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

>  Re:   *Xique et al. v. Dircksen & Talleyrand Inc. et al.*
>        Case No. 1:19-cv-01472-LGS
>        Request for an Extension of Time

Dear Judge Schofield:

My firm represents Dircksen & Talleyrand, Inc. and Muchael "Buzzy" O'Keeffe in the above captioned case.  As per Rule I.B.2 of Your Honor's Individual Rules and Procedures for Civil Cases, I write to respectfully request an extension of time to move, answer, or otherwise respond to the Complaint to today, March 23, 2019.  This is Defendants' first request for an extension of this deadline.

According to the docket, Defendants' answer was due on March 14, 2019.  The affidavits of service filed with the Court (ECF Nos. 8-9), however, are not evidence of proper service of process.  Specifically, Maria Suza is not an agent authorized to accept service on behalf of either Defendant.  Defendants have yet to be properly served.

Moreover, before the filing of the Complaint, I was in direct contact with Plaintiffs' counsel, Galen Joseph Criscione, as we were engaged in settlement negotiations from November 2018 through February 14, 2019.  Mr. Criscione, however – knowing that I was Defendants' attorney and agent – did not inform me of the filing of this Complaint or of his purported service on Defendants.  I only found out that the case had been filed via Courthouse News Service, and I only discovered that purported service had been rendered by pulling up the docket myself earlier this evening at approximately 10:50pm.[1]

---

[1] Because of the late hour, I am unable to seek Plaintiffs' consent for this extension request.

Finally, Defendants are also unaware of any purported service of process. I note, in particular, that as per NYS Department of State's Registry of Corporations Doing Business in New York, Dircksen & Talleyrand, Inc.'s address for service of process is 386 Park Avenue South, Ste. 1405, New York NY 10016, and Mr. O'Keeffe's address for service of process is 500 East 30th Street, New York, NY 10016. In deciding to serve Defendants at 1 Water Street, Brooklyn, NY – instead of serving me directly (and without giving me the professional courtesy of such notice), or serving Defendants at their proper addresses for service of process – I can only assume that Plaintiffs' goal was to catch Defendants off guard and seek a default judgment before Defendants could properly respond.[2]

For all the above reasons, Defendants respectfully request that the Court (1) grant their an extension of time to move, answer, or otherwise respond to the Complaint to March 23, 2019, and (2) deny Plaintiffs' request for a default judgment as moot.

We thank the Court for its time and consideration.

Respectfully submitted,

Christine L. Hogan

---

[2] This assumption is also supported by Plaintiffs' immediate filing for a default judgment the day after the deadline set forth on the docket, and Mr. Criscione's decision to not give me the professional courtesy of alerting me to his decision to seek a default judgment on behalf of his clients.