

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298


Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

March 23, 2019


**VIA ECF**
**(as a letter motion)**

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

  **Re:**  ***Xique et al. v. Dircksen & Talleyrand Inc. et al.***
       **Case No. 1:19-cv-01472-LGS**
       **Pre-Motion Letter (Motion to Dismiss)**

Dear Judge Schofield:

My firm represents Dircksen & Talleyrand, Inc. and Michael "Buzzy" O'Keeffe in the above captioned case.  As per Rule II.A.1 & III.C.2 of Your Honor's Individual Rules and Procedures for Civil Cases, I submit this pre-motion letter in support of Defendants' planned motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**A.      Allegations in the Complaint**

Plaintiffs' entire case rests on their mistaken belief that they have a legal entitlement to settlement payments disbursed in *Fonseca et al. v. Dircksen & Talleyrand Inc. et al.* (Southern District of New York, Case No. 1:13-cv-05124-RA-SN), filed on July 23, 2013 and terminated on January 17, 2018.

According to Plaintiffs' Complaint, "[a]t the onset" of the *Fonseca* matter, "Plaintiffs were included in the class."  (Compl. ¶ 16).  But, "on April 10, 2014, United States District Judge Analisa Torres ruled that . . . current front-of-house servers (who rotate into the expeditor/back-waiter position)" – like Plaintiffs – "pose a conflict of interest between the other members of the putative collective, and, therefore, may not join the collective action."  (*Id.* ¶¶ 17-18).  The case subsequently settled.  (*Id.* ¶ 22).

Plaintiffs "received a letter from Arden Services, LLC, notifying [them] of the class action settlement."  (*Id.* ¶¶ 23-24, 27).  But, when Plaintiffs tried to collect their settlements, they "were

Hon. Lorna G. Schofield
March 23, 2019
Page 2

told that [they] were removed from the class a few years back." (*Id.* ¶¶ 25, 28). Accordingly, "Plaintiffs seek to recover from Defendants what they were owed." (*Id.* ¶ 32).

**B.      Grounds for Defendants' Motion to Dismiss**

Defendants move to dismiss pursuant to FRCP 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to sufficiently plead claims for violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

As an initial matter, in support of their claims here, Plaintiffs' simply parrot the claims made in the *Fonseca* complaint, which was filed in July 2013. Significantly, any substantive allegations made in this Complaint are made in the past tense even though Plaintiffs are current employees. For example, "Plaintiffs *were* required to pool their tips" with managers and "other employees that provided no customer service"; "Defendants *did not provide* Plaintiffs wage statements"; "For the time period after *December 31, 2010*, Defendants did not timely and consistently provide Plaintiffs with written notices"; "Defendants paid Plaintiffs for a fixed number of hours," etc. (*Id.* ¶¶ 37, 40, 44, 45, 48 (emphasis added)).

Based on a plain reading of the Complaint, Plaintiffs are complaining of the practices that existed before the *Fonseca* complaint was filed – that is, before July 23, 2013. The FLSA, however, only has a maximum statute of limitations of three years. *See* 29 U.S.C. § 255. Since this Complaint was filed on February 15, 2019, Plaintiffs' FLSA claims are time-barred. Without the FLSA claims, this Court does not have supplemental jurisdiction over Plaintiffs' NYLL claims. *See* 28 U.S.C. § 1367(c)(3). The Complaint should be dismissed for this reason.

Next, as stated plainly in the Complaint, Plaintiffs are trying to recoup the settlement amounts they believe they are owed from the *Fonseca* matter. (Compl. ¶¶ 14-32). The Plaintiffs, however, have no legal entitlement to these settlement amounts. (*See* Compl. Ex. 1 ("Please note that this is just an estimate and is subject to change")). The Complaint should be dismissed for this reason as well.

Finally, the Complaint does not plead sufficient facts to support their FLSA or NYLL claims. First, nowhere do Plaintiffs provide their actual wage rates in the Complaint or an estimate of how many overtime hours they worked per week. Accordingly, their FLSA and NYLL minimum wage and overtime claims must be dismissed. *See Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work . . . .").

Second, Plaintiffs only plead that "[u]pon information and belief, Defendants never informed Plaintiffs" of the tip credit. (Compl. ¶ 43). Accordingly, any claims based on Defendants'

Hon. Lorna G. Schofield
March 23, 2019
Page 3

alleged failure to give notice of the tip credit must fail as Plaintiffs have not pled sufficient facts to support them.

Finally, Plaintiffs' NYLL 195.1 notice claims must be dismissed because there is no private right of action for failure to provide annual notices, and both Plaintiffs were hired before the law went into effect in 2011.  *See Yuquilema v. Manhattan's Hero Corp.*, 2014 WL 4207106, at *11 (S.D.N.Y. Aug. 20, 2014), *R&R adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) ("[N]one of the Plaintiffs here may recover under this provision of the NYLL – even though Defendants failed to provide the requisite annual notices in violation of Section 195(1) – as each commenced employment prior to April 9, 2011.").

## C.   Briefing Schedule

Defendants propose the following briefing schedule: (1) Defendants' moving brief filed by April 23, 2019; (2) Plaintiffs' opposition brief filed by May 14, 2019; (3) Defendants' reply brief filed by June 4, 2019.

We thank the Court for its time and consideration.

Respectfully submitted,

Christine L. Hogan