UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/28/2019
```

-----------------------------------------------------------X
:
MARCOS XIQUE, et al.,                                      :
                                         Plaintiffs,      :
                                                          :        19 Civ. 1472 (LGS)
                    -against-                              :
                                                          :             ORDER
DIRCKSEN & TALLEYRAND, et al.,                            :
                                        Defendants.  :
                                                          :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on June 10, 2019, the parties filed their joint letter and proposed settlement

agreement for this action arising in part under the Fair Labor Standards Act ("FLSA").  The

parties were ordered to submit these materials to explain why the settlement should be approved

as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d

Cir. 2015), *cert denied.*, 136 S. Ct. 824 (2016), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d

332, 335–36 (S.D.N.Y. 2012), governing FLSA settlement approval.  It is hereby

    **ORDERED** that the settlement agreement is not approved in its current form.  The

parties' joint submissions contain the following deficiencies that are in "strong tension with the

remedial purposes" of FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed in order for

the Court to determine if the proposed settlement is fair and reasonable.

    The proposed settlement contains general release terms that are overly broad.  For

example, Paragraph 8 requires Plaintiffs discharge the Releasees "from any and all actions . . .

that [Plaintiffs] at any time had, claimed to have, or may have *regarding any events* that occurred

at any time up until the date of the execution of this Agreement."  Paragraph 8 further provides

that Plaintiffs "agree that [they] are waiving any and all Claims . . . and are discharging Releasees

and releasing them from any and all Claims . . . *of every possible kind*, whether arising under

federal or state law, and regardless of whether it is listed above."   Several other provisions release Releasees for claims based on "any act or event occurring at any time," and forbid Plaintiffs from joining any class based on such claims.

A settlement release under *Cheeks* must be expressly tailored to Plaintiff's wage-related claims.  *See, e.g.*, *Cheeks*, 796 F.3d at 206 (finding that "overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues" highlighted the need for judicial review of settlement agreements in light of potential abuse) (citation omitted); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (waivers should be limited to the claims at issue in the action); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (declining to approve settlement with release that went beyond "wage-and-hour issues").  As such, the parties must alter or omit portions of provisions like those described above.

Furthermore, Plaintiff's counsel has not provided timesheets, billing records or any other information that could substantiate the agreement's provision of attorneys' costs.  It is further

**ORDERED** that the parties shall file any amendment or revised settlement agreement that addresses the deficiencies in the proposed settlement agreement by **July 19, 2019**.  A separate order relating to attorneys' fees and costs will issue after the approval of any amendment or agreement.

Dated: June 27, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**