

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

July 19, 2019

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   **Re:**   *Xique et al. v. Dircksen & Talleyrand Inc. et al.*
            Case No. 1:19-cv-01472-LGS
            Letter re Reconsideration of Approval in Light of Mutual General Release

Dear Judge Schofield:

My firm represents Dircksen & Talleyrand, Inc. and Michael "Buzzy" O'Keeffe in the above captioned case.

I write with the consent of Plaintiffs to request that the Court reconsider the portion of its June 28, 2019 Order that states: "The proposed settlement contains general release terms that are overly broad." (ECF No. 44, at 1). It is true that under the Second Circuit' decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert denied*, 136 S. Ct. 824 (2016), general releases in FLSA settlements are normally disallowed. Courts in this Circuit, however, have recognized an exception to this general rule when the parties sign a <u>mutual</u> general release.

"[A] mutual release of claims is acceptable because it 'will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes.'" *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP,* 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (citing *Souza v. 65 St. Marks Bistro,* 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015)). Accordingly, Courts regularly approve mutual releases as fair and reasonable under *Cheeks. See, e.g.*, *Cionca v. Interactive Realty LLC*, 2016 WL 3440554, at *4 (S.D.N.Y. July 10, 2016) ("Under these circumstances, a general release of the kind proposed in this case makes sense, in order to bring closure to both sides . . . ."); *Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (approving agreement containing "mutual general releases, negotiated by competent counsel for both sides, releasing both plaintiffs and defendants from liability for most claims each might have against the other up to the date the Agreement

Hon. Lorna G. Schofield
March 23, 2019
Page 2

[was] signed"); *Geskina v. Admore Air Conditioning Corp.*, 2017 WL 1743842, at *3 (S.D.N.Y. May 3, 2017) (approving a mutual general release); *Derev v. Lily & Taylor Inc.*, No. 16-CV-08434 (VEC), ECF No. 24, at 2 (S.D.N.Y. March 15, 2017) (Judge Caproni approving settlement agreement with mutual general release as fair and reasonable).

The mutual general release contained in the settlement agreement is a material aspect of the resolution of this matter. It is essential that Defendants obtain the protection that a general release affords to ensure the full and final resolution of all possible disputes with Plaintiffs. Moreover, Defendants would not have settled this action for the settlement amount absent the inclusion of a general release in the Agreement. Since the general release is mutual, Plaintiffs are similarly insulated from any subsequent litigation by Defendants.

The inclusion of a mutual general release in the Agreement is a sensible resolution to ensure that the parties may fully and finally resolve all disputes between them. Accordingly, we respectfully request that the settlement agreement be approved as submitted. We thank the Court for its time and consideration.

                                                    Respectfully submitted,

                                                   Christine L. Hogan

cc:       Counsel of Record (via ECF)