```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARCOS XIQUE, ET AL.,                                       :
                                      Plaintiffs,           :
                                                            :
              -against-                                     :
                                                            :
DIRCKSEN & TALLEYRAND, INC., ET AL.,                        :
                                      Defendants.           :
------------------------------------------------------------:
                                                            X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/30/2019
```

19 Civ. 1472 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 10, 2019, the parties filed their joint letter and settlement agreement;

WHEREAS, on June 28, 2018, the Court denied approval of the agreement under a *Cheeks* review because the general releases were overly broad;

WHEREAS, on August 29, 2019, the parties filed their revised settlement agreement and attorney billing records.  It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable, except as provided below, based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors for determining whether proposed settlement is fair and reasonable). It is further

**ORDERED** that Plaintiffs' counsel's request for $7,500 in attorneys' fees is **DENIED**. Counsel's letter represented that it was requesting only one-third of the settlement total in fees, but the current agreement provides counsel 37.5% of the $20,000 total settlement.  Indeed, counsel is receiving 100% of Marcos Xique's settlement and 50% of Juan Xique's settlement in fees.  Accordingly, paragraph 3 of the settlement agreement is modified to provide counsel with a

total of $6,666.67 in fees to reflect one-third of the settlement.  The remainder of the $20,000 settlement shall be proportionally distributed to Plaintiffs.  The parties shall determine how to distribute this amount between the Plaintiffs and among four checks.  This attorneys' fees amount is equal to the lodestar.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's complexity.  *See Hui Luo v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011).

In light of the settlement, the Clerk of Court is respectfully directed to close the case.

Dated: August 30, 2019
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2